UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANDRES MARTINEZ | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. M-03-377 |
| | § | |
| DONNA INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al*. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S FIRST AMENDMENT POLITICAL ASSOCIATION CLAIM**

Now before this Court for consideration is Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's First Amendment Political Association Claim (Doc.#89). For the reasons stated below, the Court **DENIES** Plaintiff's motion.

**I. Background**

Plaintiff Andres Martinez ("Plaintiff"), a former superintendent, sued the school district which employed him, Defendant Donna Independent School District ("Defendant DISD"), five school board trustees ("Defendant Trustees"), two attorneys ("Defendant Attorneys") and another individual ("Defendant Salinas") for events relating to the termination of his employment. Plaintiff's complaint included First Amendment, Procedural Due Process and Substantive Due Process claims, as well as pendant state law claims.

On March 31, 2006, the Court, among other things, granted Defendants' respective motions to dismiss Plaintiff's First Amendment Claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 73 at 8). Plaintiff now moves for the Court to

reconsider his First Amendment freedom of association claim,[1] arguing that the Court held erroneously that party affiliation, as a matter of law, is an appropriate requirement for the continued employment of a superintendent of a Texas school district and that dismissal of the freedom of association claim was improper. (Doc. 89 at 1).

## II. Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A complaint may be dismissed, however, if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. Analysis

### A.

In his Motion for Reconsideration, Plaintiff argues that the Court misapplied *Kinsey v. Salado Independent School District*, 950 F.2d 988, 993 (5th Cir. 1992), and held incorrectly that "party affiliation" is an absolute requirement for continued employment of a school superintendent. Plaintiff asks the Court to employ the balancing test set forth in *McBee v. Jim Hogg County, Texas*, 730 F.2d 1009 (5th Cir. 1984, *en banc*), and find that the "determination of whether [Plaintiff's] political affiliation was the cause of a disruption in the relationship with the Board sufficient to warrant his

---

[1] In the Court's Order of March 31, 2006, the Court held that Plaintiff failed to raise a cognizable First Amendment freedom of speech claim. Plaintiff has not sought reconsideration of that portion of the Court's prior Order.

suspension and removal is a factual determination and requires the review of evidence beyond averments made in pleadings." (Doc. 89 at 8).

Plaintiff misconstrues the Court's Order of March 31, 2006. While the Court found that the position of superintendent is one in which party affiliation is an appropriate requirement for continued employment, (Doc. 73 at 8), that finding was not essential to the Court's holding that the Plaintiff's freedom of association claim should be dismissed. Even assuming that a political affiliation is not an "absolute" requirement for a Texas school superintendent, dismissal remains the proper disposition of the Plaintiff's First Amendment political association claim because there was an independent, sufficient basis for the Court's earlier holding. Specifically, the Court's prior Order included a finding that "Plaintiff's speech, in the form of political association, was . . . outweighed by the Defendant Trustee's interest" in the effective delivery of government services. *Id.*; *see also Kinsey,* 950 F.2d at 996 (applying the *McBee* balancing test in a case also involving a superintendent). Indeed, as explained below—even taking all of Plaintiff's assertions as true and resolving all doubts in his favor—the balancing test set forth in *McBee* compels resolution in favor of the Defendants.

**B.**

The First Amendment, as incorporated by the Fourteenth Amendment, generally prohibits dismissal of state public employees based upon political affiliation alone. *See, e.g., Brady v. Fort Bend County*, 145 F.3d 691, 704 (5th Cir. 1998) (citing *Elrod v. Burns*, 427 U.S. 347 (1976), and *Branti v. Finkel*, 445 U.S. 507 (1980)). There are certain situations, however, when a public employee's political affiliation may serve as legitimate grounds for termination. *Id*. When close working relationships are essential to

proper execution of the public employee's job, a wide degree of deference is given to the employer's termination decision. *See Kinsey*, 950 F.2d at 993 (Barksdale, J., plurality opinion). Accordingly, when evaluating the propriety of a termination that was motivated purportedly by the employee's political affiliation, a reviewing court must "balance the First Amendment values implicated by [the employee's] activities against the possible disruptive effect on governmental provision of services," if the employee were to remain in the position. *Id*. (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1158 (5th Cir. 1991)).

Courts in this Circuit employ the *McBee* balancing test to resolve cases involving the discharge of a public employee that allegedly violates the First Amendment. *See McBee* 730 F.2d at 1014 (holding "[e]ach case must be considered on its particular facts . . . in order to strike the proper balance between the employee's speech and associational rights as citizen and the state's right as an employer to loyal and efficient service"). When, as here, it is essential that the relationship between the public employer and employee be a close one, *McBee* instructs the Court to "determine whether the [employee's] particular [conduct] sufficiently disrupted the working relationship as to prevent effective performance." *Id.* at 1017. When the employee is in a confidential position that requires a close working relationship with the employer, the employee's First Amendment rights are more easily outweighed by the interests of the employer. *Kinsey*, 950 F.2d at 994. In such cases, even slight opposition by the employee to the employer can disrupt effective performance or the delivery of government services, and dismissal on the basis of the employee's political affiliation may be permitted. *See id*. at 996.

The Plaintiff concedes that, consistent with Fifth Circuit precedent, a school superintendent is in a confidential position that necessitates a close working relationship with the school board. (Doc. 96 at 1); *see also Kinsey* 950 F.2d at 996. Indeed, as noted in this Court's Order of March 31, 2006, the superintendent is the "educational leader and the chief executive officer of the school district." (Doc. 73 at 8); TEX. EDUC. CODE §11.201(a) (2007). Moreover, a school board is "dependent upon [the superintendent] . . . to implement its . . . decisions"; because of this, the superintendent has the "power to 'make or break' Board policies." *Kinsey*, 950 F.2d at 996 (quoting *Gonzalez v. Benavides*, 712 F.2d 142, 149 (5th Cir.1983)).

Thus, because of the extremely close and confidential nature of the superintendent position, Plaintiff cannot maintain his First Amendment claim if there is evidence that Plaintiff's opposition was politically motivated and prevented the formation of an effective relationship with the Board. *See id.* at 996. Ample evidence of such opposition is found on the face of the Plaintiff's own pleading. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (plaintiffs may "plead themselves out of court by alleging facts that establish defendants' entitlement to prevail"). Plaintiff admits that he refused Board requests to promote, reassign, demote or grant salary increases to certain District employees, "based on [Plaintiff's] determination that the new Board members were attempting to reward their political supporters, and to punish District employees who had supported the opposing, losing candidates." (Doc. 95 at 4, 8-10). Taking these facts as true and resolving all doubts in favor of the Plaintiff, which we must, it is apparent that Plaintiff's actions—which he acknowledges were motivated by political concerns—prevented the formation of an effective relationship with the Board. In order for the

school district to function properly, the Board must be able to rely on the loyalty and cooperation of its superintendent. *Cf. Aucion v. Haney*, 306 F.3d 268, 276 (5th Cir. 2002) (discussing the loyalty required of district attorneys). Here, Plaintiff admits that—as a result of his belief that the Board's employment decisions were politically motivated—he was hostile to the Board and unabashedly insubordinate. By choosing this course of action, and given that Plaintiff was in a high level policymaking and confidential position, the Plaintiff "stepped over the line" and "abandoned any shelter otherwise provided him by the First Amendment." *Kinsey*, 950 F.2d at 996. Accordingly, the Court reaffirms its prior holding that Plaintiff has failed to state a valid claim for violation of his First Amendment right to freedom of association.

### C.

Finally, we address briefly Plaintiff's argument that the "determination of whether a Superintendent's political affiliation was the cause of a disruption in the relationship with the Board sufficient to warrant his suspension and removal is a factual determination and requires the review of evidence beyond averments made in pleadings." (Doc 89 at 8). Assuming without deciding that such a finding should be left to a fact-finder, the outcome of such a deliberation in this case would not alter the Court's disposition of the Plaintiff's First Amendment freedom of association claim.

Specifically, if a fact-finder determined that Plaintiff's political affiliation was a cause of Plaintiff's termination, the foregoing analysis under *Kinsey* and *McBee* would apply and Plaintiff's First Amendment claim fails. Alternatively, if, as Plaintiff appears to assert, his dismissal was not motivated by his political affiliation (i.e., not attributable to Plaintiff exercising his First Amendment right to freely associate), then there would be

no protected interest at issue to support a cognizable First Amendment claim.  *Cf. Kercado v. Aponte*, 829 F.2d 255, 264 (1st Cir. 1987) (success of claim alleging violation of dismissed superintendent's First Amendment rights turned on whether the evidence demonstrated she would not have been terminated "but for" her political affiliation); *Guerra v. Roma Indep. Sch. Dist.*, 444 F.Supp. 812, 819 (S.D. Tex. 1977) (quoting *Stapp v. Avoyelles Parish Sch. Board*, 545 F.2d 527, 534 (5th Cir. 1977)) (teachers' First Amendment claim succeeded only upon a showing that the "exercise of their rights of free political association 'was a significant basis' for the board's action").  Accordingly, there is no possible set of facts that could be determined by a fact-finder to support a First Amendment claim in this instance.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Reconsider (Doc.#89).

SO ORDERED this 23rd day of August, 2007, at McAllen, Texas.

_____
Randy Crane
United States District Judge